**FILED**

JUN 2 1 2001

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 8:00-3055-20AK |
| Plaintiff, | ) ) ) | |
| | ) | **CONSENT DECREE** |
| | ) | |
| NIRMAN ENTERPRISES ASSOCIATES, d/b/a HAMPTON INN, CLEMSON, | ) ) ) | |
| Defendant. | ) ) ) | |

The Equal Employment Opportunity Commission (the "EEOC") instituted this action pursuant to Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq., ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

The EEOC and the Defendant, Nirman Enterprises Associates, d/b/a Hampton Inn, Clemson (the "Defendant"), hereby stipulate to jurisdiction of the Court over the parties and the subject matter of this action.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 9 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1.   Defendant shall not discriminate against any person because of their religion, including the failure to provide reasonable religious accommodations to employees, or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under the foregoing statute.

2.   Defendant shall pay Pamela Blassingame the sum of Three Thousand and 00/100 Dollars ($3,000.00) in settlement of the claims.  Defendant shall make payment by issuing a check payable to Pamela Blassingame.  Payment shall be made within ten (10) days after the Court approves this Consent Decree, and Defendant shall mail the check directly to Pamela Blassingame at an address provided by the EEOC.  Within ten (10) days after the check has been sent to Ms. Blassingame, Defendant shall mail to Mindy E. Weinstein, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202, a copy of the check and proof of its delivery to Pamela Blassingame.

3.   Defendant agrees to eliminate from the employment records of Pamela Blassingame any and all documents, entries, or references of any kind to disciplinary actions taken against her by Defendant during 1999.  Defendant also agrees to provide a neutral employment reference regarding Pamela Blassingame, providing only her dates of employment, job description, and wages, and will not make mention to any potential employer or third party that Blassingame had filed a previous charge of discrimination against Defendant or that she needs a religious accommodation in order to work.

4.   Defendant agrees that it shall provide training to it's Hampton Inn, Clemson, Manager,

Sanjay Desai, and Assistant Manager, Ruby Rollins. The training program will include an explanation of the requirements of the federal equal employment opportunity laws, including Title VII of the Civil Rights Act of 1964 and its prohibition against religious discrimination in the workplace and its requirement of reasonable accommodation of religious beliefs, Defendant's anti-discrimination policy, and an explanation of the rights and responsibilities of employees and managers under the policy. This training shall be provided within ninety (90) days after entry of the decree by the Court. Within ten (10) days after the completion of each training session, Defendant shall certify to the EEOC the specific training which was undertaken and shall provide the EEOC confirmation that Desai and Rollins attended the training program.

5.    During the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Appendix A, hereby made a part of this Decree, in a place where it is visible to employees at its Hampton Inn, Clemson, hotel facility in Clemson, South Carolina.

6.    The term of this Decree is 30 days, or ten days after the EEOC receives certification as specified in paragraph 4, whichever period is longer.

7.    Defendant agrees that the EEOC may review compliance with this Decree.

8.    If anytime during the term of this Decree, the EEOC believes that Defendant is in violation of this Decree, the EEOC shall give notice of the alleged violation to the Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall have a period of ten (10) days, or such additional period as may be agreed upon by them, in which to engage in negotiation and conciliation regarding such allegations, before the EEOC exercises any remedy provided by law.

9.    This Court shall retain jurisdiction of this cause for purposes of monitoring compliance

with this Decree and entry of such further orders as may be necessary or appropriate.


_June 20, 2001_
Date

_____
Henry Herlong
U.S. District Court Judge
District of South Carolina


4

The parties jointly request that the Court approve and enter the Consent Decree:

Nirman Enterprises Associates, d/b/a/
Hampton Inn, Clemson

by:_____
        STEVEN M. WYNKOOP, ESQ.
        Nelson Mullins Riley &
                Scarborough, LLP
        Post Office 10084
        Greenville, SC 29601
        (864) 250-2300

Equal Employment Opportunity
Commission

GWENDOLYN YOUNG REAMS
Associate General Counsel

MINDY E. WEINSTEIN
Regional Attorney

LAURA A. BRODEUR
Supervisory Trial Attorney

by:     _____
        EDWIN L. TURNAGE
        Trial Attorney
        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        15 S. Main St., Suite 530
        Greenville, SC 29601
        (864) 241-4406

5

# NOTICE TO EMPLOYEES

1. Federal law requires that employers may not discriminate against any employee or applicant for employment because of the employee's race, color, religion, sex, national origin, age (40 or older) or disability.  Hampton Inn, Clemson supports and will comply with such Federal law in all respects.

2. Federal law also prohibits employers from retaliating against employees because they have exercised their rights, reported an alleged violation of federal discrimination law, or provided testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission. Hampton Inn, Clemson supports and will comply with such federal laws.

3. An employee has the right to report allegations of employment discrimination in the workplace.  An employee may contact the U. S. Equal Employment Opportunity Commission for the purpose of filing a charge of employment discrimination.